IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FAYE TEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv494-A |
| | ) | WO |
| | ) | |
| LMR INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. PROCEDURAL HISTORY

This cause is before the court on a Motion to Dismiss State Law Claims and to Strike Jury Demand, filed by Defendant Great-West Life & Annuity Insurance Company ("Great-West") (Doc. #40), and a Motion to Dismiss and Strike Plaintiff's Amended Complaint and to Strike Jury Demand filed by Defendant LMR International, Inc. ("LMR")(Doc. #42).

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Barbour County, Alabama, Eufaula Division. Great-West filed a Notice of Removal, stating that this court has federal question subject matter jurisdiction because the Plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"). Defendants LMR and Custom Services International, Inc. ("CSI") joined in the Notice of Removal.

This court denied the Motion to Remand, finding that there was complete preemption under ERISA in this and other companion cases. The Plaintiff in this case and plaintiffs in companion cases sought clarification as to the nature of claims which could be asserted against various Defendants and sought certification for interlocutory appeal.

This court issued an Order in this case and the companion cases stating that the most efficient way to proceed was to allow the Plaintiff to amend the Complaint to assert ERISA claims and any state law claims she felt were appropriate, and then to rule on any Motions to Dismiss filed by the Defendants as to the Amended Complaint. The court indicated that the Plaintiff could include state law claims against LMR in order to preserve issues for appeal.

In accordance with the court's Order, the Plaintiff filed an Amended Complaint, and then filed a Second Amended Complaint. Counts One through Seven of the Second Amended Complaint are state law claims including claims for fraud, suppression, breach of contract, bad faith failure to pay insurance, negligence, conversion, and wantonness. Count Eight is an ERISA claim. This cause is now before the court on the motions to dismiss the state law claims in the Plaintiff's Second Amended Complaint and to strike the jury demand.

## II.  DISCUSSION

In a previous opinion entered in a companion case to this one, Jones v. LMR Intern., 351 F. Supp. 2d 1308, 1314 (M.D. Ala. 2005), and which was incorporated in an Order entered in this case (Doc. #26), this court examined the allegations of the Plaintiff's Complaint in light of the four elements for finding complete preemption under ERISA as stated in Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999): one, there must be a relevant ERISA plan; two, the plaintiff must have standing to sue under that plan; three, the defendant must be an ERISA entity; and four, the complaint must seek compensatory relief akin to that available under §1132(a), which is normally akin to a claim for benefits due under a plan. See Jones, 351 F. Supp. at 1314; see also Cotton v. Massachusetts Mut. Life Ins. Co., NO. 02-12409,

2

2005 WL 604905 (11th Cir. Mar 16, 2005) (stating that the analysis in Butero pre-dates inconsistent panel opinions decided before Butero).

As this court explained in its earlier opinion, ERISA defines the terms "employee welfare benefit plan" and "welfare plan" as any plan, fund, or program which "was heretofore or is hereafter established" or maintained by an employer to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants benefits. See Jones, 351 F. Supp. 2d at 1314 (citing 29 U.S.C. § 1002(1)). "The statute uses the disjunctive word 'or,' requiring only that the plan either be 'established or maintained' as an ERISA plan." Nix v. United Health Care of Ala., Inc.,179 F. Supp. 2d 1363, 1369 (M.D. Ala. 2001).

In this case, the Plaintiff's claims arise from a plan "established" as an ERISA plan which then lapsed when the administrative services contract terminated. Id.  Under the plain language of the statute, because the plan was established as an ERISA plan, ERISA governs claims made under the plan, even though the plan was not maintained after a certain point. Id.  This court has not been convinced by the Plaintiff's most recent arguments that its conclusion that the first Butero element has been met in this case was in error.

With respect to the standing element of complete preemption, the court previously analogized this case to Willett v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335 (11th Cir. 1992), and concluded that because the plan participant in Willett had standing to sue even though the plan was suspended before he was eligible to participate in it, standing is met in this case as well. See Jones, 351 F. Supp. 2d at 1314-15 (citing York v. Ramsay Youth Serv. of

3

Dothan, 313 F. Supp. 2d 1275, 1283 (M.D. Ala. 2004)).  The court again concludes that the second Butero element has been met in this case.

There is no dispute that LMR is an ERISA entity, satisfying the third Butero element.

With regard to the fourth Butero element, this court previously found that relief akin to that available in § 1132(a) is sought in this case.  See Jones, 351 F. Supp. 2d at 1315.  For example, this court found significant the fact that the Plaintiff brought a claim for breach of contract.  Id. The Plaintiff claims damages in the form of lost benefits under the healthcare policy and lost use of monies paid toward premiums.  See Complaint at ¶ 37, Second Amended Complaint ¶ 48.[1]   In her claim for bad faith, the Plaintiff alleges the Defendants wrongfully failed to pay her under "the provisions of the policy issued to Plaintiff, although Plaintiff has made due demand therefor." Complaint at ¶ 39, Second Amended Complaint at ¶ 50.  The fraud claim alleges that the Defendants falsely represented "to Plaintiff that she would receive health insurance coverage. Defendants LMR and Great West accepted Plaintiff's premium payments for said insurance coverage . . . ."  Complaint at ¶ 25, Second Amended Complaint at ¶ 36.  In her suppression claim, she asserts that the Defendants suppressed that the coverage was terminated, that her premiums were not be applied toward coverage, and that the "hold" of her medical bills was actually a denial of her claims.  Complaint at ¶ 28, Second Amended Complaint at  ¶ 39. While the Plaintiff contends, based on documentary evidence, that the plan terminated, she seeks to recover benefits due her under an ERISA plan which she was never told had lapsed, and for which she continued to pay premiums.  This is not merely relief which is affected by the calculation of benefits, but is relief akin to that available in § 1132(a).  This court does not depart

---

[1] Jurisdiction was assessed based on the allegations of the original Complaint.

from its earlier conclusion, therefore, that complete preemption exists in this case.  See Jones, 351 F. Supp. 2d at 1315.

In addition, the court concludes that any supplemental state law claims the Plaintiff seeks to bring against LMR relate to the ERISA benefits plan, and are due to be dismissed as being defensively preempted under 29 U.S.C. § 1144.  Of course, claims which are completely preempted are necessarily defensively preempted. Butero, 174 F.3d at 1215.  The Plaintiff has added claims against LMR in her Second Amended Complaint which were not in her original Complaint, which appear to be attempted supplemental state law claims, including claims of negligence, wantonness, and conversion.  The Plaintiffs have not made it clear whether they seek to assert state law claims only as a preservation of the jurisdictional issue for appeal, or whether they contend that some claims against LMR may be asserted as supplemental state law claims even with the assertion of an ERISA claim against LMR.  The claim for negligence concerns failure to notify her of the lapse of the plan, the claim for wantonness concerns the Defendants' actions in light of their knowledge of the condition of the plan, and the claim for conversion seeks recovery of premiums paid for coverage under the plan.  These claims "relate to" the plan because they have a connection with or a reference to the plan, therefore, they are defensively preempted. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983).

The Plaintiff also contends that she may proceed under state law with claims against Defendants other than LMR.  The Plaintiff contends in a footnote that "should the Court also find that Great West did not have ERISA fiduciary responsibilities prior to the termination of the

5

policy," ERISA preemption must fail. Plaintiff's Opposition, page 16 n.4.[2]  Apparently, the Plaintiff concedes that if Great-West is a fiduciary, or was a fiduciary at the relevant time, the claims against Great-West are preempted. The Plaintiff, however, does not point the court to any evidence from which to conclude that Great-West is not, or was not at a relevant time, a fiduciary.  In Count Eight of the Second Amended Complaint, however, the Plaintiff identifies Great-West as a fiduciary.

Great-West argues that even if it is not a fiduciary, claims against a non-fiduciary administrator are defensively preempted, citing Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir. 1987).

In Howard, a former employee brought a claim to recover additional health care benefits under an employee welfare benefit plan, and also claims for bad faith refusal to pay such benefits and outrageous and intentional infliction of emotional distress against the plan, employer, and plan administrator.  With regard to the claims against the plan administrator, the court noted that ERISA does not regulate the duties of non-fiduciary plan administrators. Id. at 1564. The Eleventh Circuit concluded, however, that claims against non-fiduciary plan administrators for the wrongful termination of benefits are preempted because to allow state law to govern such claims would be to contravene the purpose of the statute.  Id. at 1565.

The Howard decision relied on Light v. Blue Cross and Blue Shield of Alabama, 790 F.2d 1247, 1248-49 (5th Cir. 1986), in reaching its holding.  See Howard, 807 F.2d at 1565.  In

---

[2] The Plaintiff also makes this argument with regard to CSI, stating that because it is not a named plan administrator or employer, state law claims against it are not preempted. CSI has not joined in any motion to dismiss. The claims against CSI have been stayed, however, by separate Order due to CSI's pending bankruptcy petition.

Light, the plaintiffs brought claims against the plan administrator including a bad faith failure to pay benefits. Light, 790 F.2d at 1247. The administrator of the self-insured plan had denied benefits on the basis that the coverage had terminated. The court found the claims against the administrator to be preempted. Id. at 1249. In a subsequent Fifth Circuit decision,[3] the court explained that the claims in Light "affected relations between the employer, the plan fiduciaries, and the plan beneficiaries . . . ." Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc., 793 F.2d 1456, 1469 (5th Cir. 1986).

The Plaintiff's argument in this case that the claims against Great-West are not preempted is based on Morstein v. Nat. Ins. Serv. Inc., 93 F.3d 715 (11th Cir. 1996)(en banc). In Morstein, the court held that "when a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." Id. at 722. The Morstein opinion does not address the Howard decision. Howard, however, does not appear to this court to be in conflict with Morstein because, as explained above, a claim against the administrator of a plan can affect the relations of ERISA entities. In fact, the Morstein opinion itself appears to recognize that claims against a plan administrator can be preempted, stating that "the claim brought by Morstein against Pan-American and National was of the latter type and would be preempted . . ." Id. at page 723 n.11. The opinion includes the following description of National: "[T]he policy was to be administered by National Insurance Services, Inc. ("National") . . . ." Id. at 716.

One case applying Morstein and finding no preemption of a claim against a plan administrator is Skilstaf, Inc. v. Adminitron, Inc., 66 F. Supp. 2d 1210 (M.D. Ala. 1999). In that

---

[3] This decision was also noted in Howard. See Howard, 807 F.2d at 1564.

case, however, the claim against the plan administrator was found not to be preempted because the claim was that the administrator did not procure the promised insurance, which the court reasoned was a claim similar to that asserted in Morstein.  Id. at 1216.  The court noted that the plaintiff was not challenging any action concerning the processing of an ERISA claim, and concluded, therefore, that the case was distinct from cases finding that a claim challenging processing of an ERISA claim is preempted.  Id. at 1216-17.

In this case, the Plaintiff has challenged that Great-West continued to accept premiums from her, accepted her notices of claims and issued letters to her acknowledging the receipt of claims, told her that there was a "hold" on her claims without telling her that her claims were being denied, and did not inform her that the plan was no longer funded when she submitted her claims.  Second Amended Complaint at ¶'s 19-31, 39.  This case is, therefore, distinguishable from Skilstaf because it concerns the administration of benefits, not the failure to procure insurance.  The court concludes, therefore, under the reasoning in Howard, that the state law claims against Great-West are preempted and due to be dismissed regardless of whether Great-West was or is a fiduciary.

### III.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motions to Dismiss (Doc. #'s 40, 42) are GRANTED as to Defendants LMR and Great-West on Counts One through Seven of the Second Amended Complaint, and Counts One through Seven are dismissed as to LMR and Great-West.  The Motions to Strike the Jury Demand are GRANTED as to the remaining claim against LMR and Great-West.

2. The case will proceed on the claim in Count Eight against LMR and Great-West. All claims against CSI have been stayed by separate Order due to a suggestion of bankruptcy.

3. If the Plaintiff wishes to move for certification of this decision for interlocutory appeal, she should include in her request to this court a statement of the question or questions sought to be certified. Any such motion to this court must be made within **fourteen (14) days** from the date of this Order. The court will give the Defendants an opportunity to respond and, if the court determines it to be appropriate, this Order will be amended to include appropriate language required by 28 U.S.C. § 1292(b).

Done this 26th day of April, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE